FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA JOHNSON, as an individual and on behalf of all others similarly situated, and as a private attorney general, | No. 22-16486 |
| | D.C. No. 2:21-cv-00087-TLN-JDP |
| *Plaintiff-Appellant*, | |
| v. | OPINION |
| LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, | |
| *Defendant-Appellee*. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 4, 2023
San Francisco, California

Filed February 12, 2024

Before: William A. Fletcher, Richard C. Tallman, and
Kenneth K. Lee, Circuit Judges.

Opinion by Judge W. Fletcher;
Concurrence by Judge Lee

# SUMMARY[*]

## Arbitration / California's Private Attorneys General Act

In a putative class action in which Maria Johnson, a former employee of Lowe's Home Centers, LLC, brought claims on behalf of herself and other Lowe's employees under California's Private Attorneys General Act of 2004 ("PAGA") for alleged violations of the California Labor Code, the panel affirmed the district court's order compelling arbitration of Johnson's individual PAGA claim, vacated the district court's dismissal of Johnson's non-individual PAGA claims, and remanded the non-individual claims to allow the district court to apply California law as interpreted in *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023).

Johnson signed a predispute employment contract that contained an arbitration clause.

The panel held that the district court properly compelled Johnson to arbitrate her individual PAGA claim because a valid arbitration agreement existed and the agreement encompassed the dispute at issue.

Relying on the U.S. Supreme Court's interpretation of PAGA in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), the district court dismissed Johnson's non-individual PAGA claims. While this case was on appeal, the California Supreme Court in *Adolph* corrected *Viking*

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*River*'s interpretation of PAGA, holding that a PAGA plaintiff can arbitrate his individual PAGA claim but at the same time maintain his non-individual PAGA claims in court. The panel therefore vacated the district court's order with respect to the non-individual PAGA claims and remanded to the district court to apply *Adolph*. The panel rejected Lowe's contention that *Adolph* was inconsistent with *Viking River*.

Concurring, Judge Lee wrote separately to highlight the tension between *Adolph* and the Federal Arbitration Act ("FAA"). Although Judge Lee did not see an irreconcilable conflict between California law and the FAA in this case, a potential conflict could arise in future cases.

## COUNSEL

Simon L. Yang (argued) and Larry W. Lee, Diversity Law Group PC, Los Angeles, California; William L. Marder, Polaris Law Group, Hollister, California; for Plaintiff-Appellant.

Jason C. Schwartz (argued), Gibson Dunn & Crutcher LLP, Washington, D.C.; Michele L. Maryott and Katie M. Magallanes, Gibson Dunn & Crutcher LLP, Irvine, California; Katherine V.A. Smith and Bradley J. Hamburger, Gibson Dunn & Crutcher LLP, Los Angeles, California; Joseph R. Rose, Gibson Dunn & Crutcher LLP, San Francisco, California; for Defendant-Appellee.

# OPINION

W. FLETCHER, Circuit Judge:

Appellant Maria Johnson is a former employee of Lowe's Home Centers, LLC ("Lowe's"). Johnson signed a predispute employment contract in which she agreed that any controversy arising from her employment by Lowe's would be settled by arbitration. On November 23, 2020, Johnson brought claims on behalf of herself and other Lowe's employees under California's Private Attorneys General Act of 2004 ("PAGA") for alleged violations of the California Labor Code.

An action brought against an employer under PAGA contains both "individual" and "non-individual" claims. An "individual" PAGA claim is based on a violation of California labor law that affects a PAGA plaintiff employee personally. A "non-individual" PAGA claim, sometimes referred to as a "representative" PAGA claim, is based on a violation of California labor law that affects other employees. *See Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 648–49 (2022); *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1114 (2023).

We affirm the district court's order compelling arbitration of Johnson's individual PAGA claim.

We vacate the district court's order dismissing Johnson's non-individual PAGA claims. When the district court dismissed those claims, its dismissal was consistent with California law as then interpreted by the United States Supreme Court in *Viking River*. While this case was on appeal to us, the California Supreme Court in *Adolph* corrected that interpretation of California law. We remand

Johnson's non-individual PAGA claims to allow the district court to apply California law as interpreted in *Adolph*.

## I.  Factual and Procedural Background

At all relevant times, Johnson was an employee of Lowe's.  Johnson signed a contract providing that "any controversy between [Johnson] and Lowe's . . . arising out of [her] employment or the termination of [her] employment shall be settled by binding arbitration."  The contract contains a "representative action waiver" prohibiting any dispute from being "arbitrated as a representative action or as a private attorney general action, including but not limited to claims brought pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698."

On November 23, 2020, Johnson filed a complaint in California state court alleging both individual and non-individual PAGA claims.  Lowe's removed to federal district court.  After the Supreme Court decided *Viking River* on June 15, 2022, Lowe's moved to compel arbitration of Johnson's individual PAGA claim and to dismiss her non-individual PAGA claims.  On September 21, 2022, the district court granted Lowe's motion in its entirety.  Johnson timely appealed.  On July 17, 2023, the California Supreme Court decided *Adolph.*  Prior to hearing oral argument, we ordered the parties to submit supplemental briefing on the impact of *Adolph.*

## II.  Appellate Jurisdiction

We have appellate jurisdiction under 28 U.S.C. § 1291.

## III.  Governing Law

PAGA authorizes an "aggrieved employee" to file an action to recover civil penalties for violations of the

California Labor Code "on behalf of himself or herself and other current or former employees."   Cal. Lab. Code § 2699(a).  PAGA authorizes aggrieved employees, acting as private attorneys general, to bring suit as proxies of the State.  *Adolph*, 14 Cal. 5th at 1113.  A "type of *qui tam* action," a non-individual PAGA claim is "fundamentally a law enforcement action" where the State "is always the real party in interest in the suit."  *Id.*  (quoting *ZB, N.A. v. Super. Court*, 8 Cal. 5th 175, 185 (2019)); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 382 (2014).

In *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), the California Supreme Court held that a predispute arbitration agreement containing a waiver of the right to bring non-individual PAGA claims in court is invalid as against California public policy, and that the Federal Arbitration Act ("FAA") does not preempt the non-waivability of non-individual PAGA claims.  59 Cal. 4th 348.

In *Viking River*, the United States Supreme Court read *Iskanian* as holding that predispute waivers of both individual and non-individual PAGA claims were forbidden under California law.  *Viking River* interpreted *Iskanian* to hold that PAGA requires joinder of individual and non-individual claims, such that both claims must be tried in the same forum.  Because PAGA prohibits a predispute waiver of the right to bring non-individual PAGA claims in court, this mandatory joinder rule results in a *de facto* prohibition of predispute waivers of the right to bring individual PAGA claims in court.

*Viking River* upheld *Iskanian*'s holding that PAGA prohibits contractual waiver of the right to bring non-individual PAGA claims in court.  The Court wrote, "[T]hat

aspect of *Iskanian* is not preempted by the FAA." *Viking River*, 596 U.S. at 662. However, the Court held that the FAA preempted what it understood to be PAGA's mandatory joinder rule as articulated in *Iskanian*. The Court wrote, "Under our holding, that rule is preempted, so Viking is entitled to compel arbitration of [the] individual claim." *Id.* at 662.

Justice Sotomayor concurred in *Viking River*, but she noted that the Court's preemption holding was based on its understanding of PAGA's joinder rule. She wrote:

> The Court concludes that the FAA poses no bar to the adjudication of [plaintiff's] "non-individual" PAGA claims, but that PAGA itself "provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding." Thus, the Court reasons, based on available guidance from California courts, that [plaintiff] lacks "statutory standing" under PAGA to litigate her "non-individual" claims separately in state court. Of course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word.

*Id.* at 664 (Sotomayor, J., concurring) (citations omitted).

In *Adolph*, decided a year after *Viking River*, the California Supreme Court corrected *Viking River*'s misunderstanding of PAGA. The California Court held in *Adolph* that individual and non-individual PAGA claims may be partially severed, such that a plaintiff's individual

PAGA claims may be sent to arbitration while the plaintiff's non-individual PAGA claims remain in court. The Court wrote, "[W]here a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court." *Adolph*, 14 Cal. 5th at 1123. Only if there has been a final determination that the plaintiff's arbitrated individual PAGA claim is without merit does the plaintiff lose statutory standing under PAGA to pursue his or her non-individual PAGA claims in court. The Court wrote, "If the arbitrator determines that Adolph is not an aggrieved employee and the court confirms that determination and reduces it to final judgment, the court would give effect to that finding, and Adolph could no longer prosecute his non-individual claims due to lack of standing." *Id.* at 1124–25.

## IV.  Discussion

There are three questions before us. First, did the district court properly compel Johnson to arbitrate her individual PAGA claim? Second, how does the California Supreme Court's decision in *Adolph* affect Johnson's non-individual PAGA claims? Third, is *Adolph* inconsistent with *Viking River?*

## A. Johnson's Individual PAGA Claim

A district court's decision to "grant or deny a motion to compel arbitration is reviewed de novo." *Stover v. Experian Holdings, Inc*., 978 F.3d 1082, 1085 (9th Cir. 2020). In deciding whether to compel arbitration, a court must first determine whether a valid agreement to arbitrate exists, and if it does, whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Because both conditions

here are met, we affirm the district court's decision to compel Johnson to arbitrate her individual claim.

The contract signed by Johnson in 2019 contained an arbitration clause providing that "any controversy between [Johnson] and Lowe's . . . arising out of [her] employment or the termination of [her] employment shall be settled by binding arbitration." The contract also included a "Representative Action Waiver" and a severability clause. Pursuant to the severability clause, any unlawful aspects of the contract are severed. The rest of the contract—including Johnson's agreement to arbitrate her individual PAGA claim—remains binding and enforceable. *See Viking River*, 596 U.S. at 660. We therefore affirm the district court's order that Johnson arbitrate her individual PAGA claim.

## B.  Johnson's Non-Individual PAGA Claims

As noted above, the district court dismissed Johnson's non-individual PAGA claims, relying on *Viking River*'s interpretation of PAGA. While this case was on appeal to our court, the California Supreme Court in *Adolph* corrected *Viking River*'s misinterpretation of PAGA, holding that a PAGA plaintiff can arbitrate his individual PAGA claim but at the same time maintain his non-individual PAGA claims in court. We therefore vacate the district court's order with respect to Johnson's non-individual PAGA claims and remand those claims to the district court to apply *Adolph*.

## C.  Consistency of *Adolph* with *Viking River*

Lowe's contends that *Adolph* is inconsistent with *Viking River.* We disagree.

It is axiomatic that a state court has the authority to correct a misinterpretation of that state's law by a federal court. *West v. Am. Telephone & Telegraph Co.*, 311 U.S.

223, 236 (1940); *see also Viking River*, 596 U.S. at 663–64 (Sotomayor, J., concurring).  However, a state court may not interpret state law in such a manner that it conflicts with supreme federal law.  We hold that the California Supreme Court in *Adolph* did not so interpret state law.

In *Viking River*, the Supreme Court observed that "as [the Court sees] it, PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding."  596 U.S. at 663.  Once an individual PAGA claim was committed to arbitration, the plaintiff likely "lack[ed] statutory standing to maintain her non-individual claims in court," and a court should dismiss her remaining representative claims.  *Id*.  In her concurrence, Justice Sotomayor acknowledged, however, that "if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word."  *Id*. at 664.

The California Supreme Court disagreed with the Supreme Court's reading of PAGA.  In *Adolph v. Uber Techs., Inc*., 14 Cal. 5th 1104 (2023), the California Supreme Court held that a plaintiff in a bifurcated representative PAGA claim still has statutory standing.  *See id*. at 1121 ("Standing under PAGA is not affected by enforcement of an agreement to adjudicate a plaintiff's individual claim in another forum.").

There is nothing in *Adolph* that is inconsistent with the federal law articulated in *Viking River*.  As required by the FAA and *Viking River*, the California Supreme Court in *Adolph* compelled the plaintiff to arbitrate his individual PAGA claims.  Further, as permitted by the FAA and *Viking River*, the Court held in *Adolph* that PAGA prevented the plaintiff from waiving his right to pursue his non-individual

PAGA claims in court. Finally, as may or may not have been required but was certainly consistent with the FAA and *Viking River*, the Court held that if the plaintiff lost on the merits of his individual PAGA claims in arbitration, he no longer had standing to pursue his non-individual PAGA claims in court.

## V. Conclusion

We AFFIRM the district court's grant of the motion to compel arbitration of Johnson's individual PAGA claim. We VACATE and REMAND the district court's dismissal of Johnson's non-individual PAGA claims.

**AFFIRMED** in part; **VACATED and REMANDED** in part.

Each party shall bear its own costs on appeal.

---

LEE, Circuit Judge, concurring:

The thorny question of whether Private Attorney General Action (PAGA) claims can be arbitrated has ping-ponged from the U.S. Supreme Court to the California Supreme Court—and now to our court in this case. I agree with the majority that Maria Johnson's individual claims belong in arbitration and that her non-individual (representative) claims should be remanded to the district court, given the California Supreme Court's decision in *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1114 (2023). But I write separately to highlight a lurking tension between *Adolph* and the Federal Arbitration Act (FAA). While I do not believe that an irreconcilable conflict between California law and the FAA exists in our case, we should be wary of a potential conflict in future cases.

"The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (quoting *Volt Info. Scis., Inc., v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)) (cleaned up). And the "point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute . . . [because] the informality of the arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution." *Concepcion*, 563 U.S. at 344–45 (citations omitted).

But the bifurcation procedure outlined in *Adolph*— where a plaintiff's individual PAGA claim will be committed to arbitration while the non-individual PAGA claims will be stayed and remain in court—might blunt the efficiency and informality of arbitration in some cases. The California Supreme Court suggested that, once the procedures are bifurcated and the individual claim is arbitrated:

> any party may petition the court to confirm or vacate the arbitration award under section 1285 of the Code of Civil Procedure. If the arbitrator determines that Adolph is an aggrieved employee in the process of adjudicating his individual PAGA claim, that determination, if confirmed and reduced to a final judgment (Code Civ. Proc., § 1287.4), would be binding on the court, and Adolph would continue to have standing to litigate his nonindividual claims. If the arbitrator determines that Adolph is not an aggrieved employee and the court confirms that

determination and reduces it to a final judgment, the court would give effect to that finding, and Adolph could no longer prosecute his non-individual claims due to lack of standing.

*Adolph*, 14 Cal. 5th at 1123–24 (citing *Rocha v. U-Haul Co. of California*, 88 Cal. App. 5th 65, 76–82 (2023)).

In other words, the California Supreme Court held that the arbitration decision of a low-stakes individual PAGA claim could have preclusive effect—at least for the statutory standing issue of who is an "aggrieved employee"—on the high-stakes non-individual PAGA claim in federal court. If so, that could tilt the stakes of arbitration for defendants and undermine the benefits of arbitration for everyone. Arbitrations for individual claims are often low stakes for companies. Sometimes, companies even send non-lawyers, such as paralegals, to arbitration proceedings because an individual claim of, say, $500 is not worth a lawyer's hourly rate. But if legal conclusions or factual findings from an individual PAGA arbitration could be binding in a non-individual PAGA court action, companies may have little choice but to bring in the legal cavalry and devote substantial resources at that individual arbitration. This outcome of *Adolph* would undermine an arbitration's efficiency, which is the "point" of enforcing arbitration agreements according to their terms. *Concepcion*, 563 U.S. at 344.

Despite these concerns, I do not believe a conflict between *Adolph* and the FAA exists in our case for two reasons: (1) plaintiffs with non-individual PAGA claims must still satisfy Article III standing in federal court, so any issue preclusion about statutory standing from the arbitration will likely be irrelevant, and (2) there may be no issue

preclusion if the arbitration did not give the employer a full and fair opportunity to litigate the issue, as required by California and federal law on issue preclusion.

First, PAGA plaintiffs in federal court must satisfy Article III's standing requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). So even if the arbitrator's finding of statutory standing under PAGA has preclusive effect in federal court, it likely will have no practical impact because a plaintiff still must show Article III standing (which presumably is a more rigid requirement than PAGA statutory standing). *Cf. Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668 (9th Cir. 2021) (requiring Article III standing for PAGA claims).[1]

Second, issue preclusion does not prevent an employer from re-litigating issues decided in an individual PAGA arbitration. Issue preclusion requires at a minimum that:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must

---

[1] If an arbitrator makes a finding that has a wider impact beyond PAGA statutory standing, a small-stakes individual arbitration arguably could have preclusive effect on a major issue in a federal case involving millions of dollars. The parties, however, have not identified any such scenario in our case, so only a hypothetical tension exists here between the FAA and the *Adolph* decision.

> be the same as, or in privity with, the party to the former proceeding.

*People v. Strong*, 13 Cal. 5th 698, 716 (2022) (quoting *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990)).  And issue preclusion does not apply "'if such application would not serve its underlying fundamental principles' of promoting efficiency while ensuring fairness to the parties." *Strong*, 13 Cal. 5th at 716 (quoting *Gikas v. Zolin*, 6 Cal. 4th 841, 849 (1993)).  Issue preclusion thus does not apply if "'the party sought to be precluded. . . did not have an adequate opportunity or *incentive* to obtain a full and fair adjudication in the initial action.'"  *People v. Bratton*, 314 Cal. Rptr. 3d 106, 119 (Cal. Ct. App. 2023) (quoting Restatement (Second) of Judgments § 28 (5)) (emphasis added).

This "full and fair opportunity to litigate" exception to issue preclusion is well-established at federal common law.  *See* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4423 (3d ed.)  The Supreme Court has said that "[i]ssue preclusion may be inapt if 'the amount in controversy in the first action [was] so small in relation to the amount in controversy in the second that preclusion would be plainly unfair.'"  *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 159 (2015) (quoting Restatement (Second) of Judgments § 28, cmt. j)).  *See also Maciel v. C.I.R.*, 489 F.3d 1018, 1023–1026 (9th Cir. 2007) (analyzing the government's incentives to litigate in the first proceeding then denying issue preclusion).

The full and fair opportunity to litigate exception thus applies to the new PAGA framework outlined in *Adolph* because an individual PAGA arbitration poses a much smaller financial risk to defendants than non-individual

PAGA actions.  So an arbitration decision on an individual PAGA claim may not be given preclusive effect in a later non-individual PAGA lawsuit in court.

Based on the facts of our case, I do not see any clear conflict between *Adolph* and the FAA.  But we should carefully examine the facts of future cases to see if this lurking tension morphs into an irreconcilable conflict.